IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARK GIRASOLE** | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | **CIV. ACTION NO.** |
| | § | |
| **CALIBER HOME LOANS, I.N.C.** | § | |
| | § | |
| *Defendant.* | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL CLAIM FOR RELIEF

1. Plaintiff Mark Girasole("Plaintiff") brings this action against Defendant Caliber Home Loans, Inc., Texas. ("Defendant") for violating the Americans with Disability Act ("A.D.A.") of 1990, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), 2000e-5(f)(1), 2000e-5(f)(3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

### a. Jurisdiction

2. This Court has jurisdiction over the federal claims asserted herein in that they arise out of the United States laws. See 28 U.S.C. § 1331 and 29 U.S.C. § 2617. This Court has supplemental jurisdiction over the Texas State and common law claims under 28 U.S.C. § 1367. 17.

### a. Venue

3. Venue lies in the Northern District of Texas, Dallas Division under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this Judicial District and Division.

## EXHAUSTION OF ADMINISTRATION REMEDIES

4. Before filing his Original Complaint, Plaintiff timely filed with the United States Equal Employment Opportunity Commission ("EEOC.") within the appropriate number of days, his written initial charge of discrimination.

    a. In conformance with the law, Plaintiff has filed this action b e f o r e the expiration of ninety (90) days from the date of receiving his Notice of Rights, aka "right to sue" letter from the E.E.O.C. Plaintiff received his Notice of Rights, aka "right to sue" letter from the EEOC., dated April 7, 2021, on or about April 9, 2021 Plaintiff filed his Original Complaint and Jury Demand (Doc. 1) with this Court. Plaintiff has exhausted all administrative remedies; therefore, all conditions precedent to Plaintiff maintaining this civil action have accrued, occurred, or been waived. *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005).

## CONDITIONS PRECEDENT

5. All conditions precedent; to Plaintiff bringing his claims against Defendant for A.D.A. violations and Race Discrimination have been met.

## PROTECTED CLASS MEMBERSHIP

6. This lawsuit is brought under the Americans With Disabilities Act of 1990, 42 U.S.C.A. §§ 12101 et seq. and 28 U.S.C.A. § 1343(4). This Court's jurisdiction is invoked to secure protection and redress deprivation of rights guaranteed by federal law, which prohibits discrimination against employees because of their disability and of Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), 2000e-5(f)(1), 2000e-5(f)(3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

Plaintiff identifies as a white male over the age of 40. He engaged in protected activity by filing a complaint with Defendant's Human Resource Department because his manager would not allow people he supervised to work from home as required by a local emergency order during the recent COVID-19 pandemic.

7. Plaintiff identifies that he is a member of the protected class specified in paragraphs above under Federal statutes and defined within the Texas Commission on Human Rights Act (T.C.H.R.A.), codified into Chapter 21 of the Texas Labor Code other similar statutes.

## PARTIES AND SERVICE

8. Plaintiff Mark Girasole is an individual who is a resident of Dallas County. He is an "employee" as that term is defined by 42 U.S.C. §2000 (f), 29 U.S.C.§630(f), and 29 U.S.C.§203(e)(1)

9. Defendant Caliber Home Loans, Inc. conducts business in Dallas County, Texas, can be served at Defendant may be served with citation by serving its registered agent. Defendant is an "employer" as 29 U.S. C defines the term.

## BACKGROUND FACTS

10. Mark Girasole was a full-time employee with Defendant. He began his employment on July 7, 2017. Plaintiff is a resident of Denton County, Texas, and is a citizen of the United States.

11. Since his hire date, Plaintiff has performed all job duties at least satisfactorily, had bonuses

in salary since his employment date, and was a loyal employee before being terminated.

12. On September 20, 2020, Defendant, through its agent, "K.P.," terminated Plaintiff's employment. Defendant alleges that Plaintiff, who was Assistant Vice President for Finance, violated Company Policy by adjusting an employee's time card, reducing the amount of time she worked in that pay period. Plaintiff did not violate the Company policy because the employee did not seek prior approval to work overtime. By Policy, the employee could not earn overtime in that instance, and Plaintiff was required to adjust the time card. Despite this fact, Plaintiff readjusted the employee's time card, and she was paid for the overtime, even though it was not authorized. Plaintiff routinely made adjustments to employees' time cards.

13. Defendant used the incident as a pretext to terminated Plaintiff to conceal its discriminatory motive. In early March of 2020, Dallas County Commissioners Court issued an emergency order requiring Companies within its jurisdiction to close certain offices and operations due to the spread of COVID-19. K.P., Plaintiff's supervisor, refused to comply with the order, requiring Plaintiff's team to continue to work at Defendant's Offices. Plaintiff reported this to the Human Resources Department, which allowed Plaintiff's team to work remotely. Plaintiff also worked remotely but worked in the office one day a week to process mail.

14. Almost immediately after this encounter, K.P. began a campaign of harassment and micromanagement of Plaintiff by requiring him to respond to an excessive amount of emails. While working remotely, if Plaintiff's computer were not in active mode, K.P.

would call or email. Additionally, K.P. caused strife within the team by giving Plaintiff one message or instruction and giving Plaintiff's team lead another. K.P.'s actions interfered with Plaintiff's job duties. K.P. would tell Plaintiff that he was inadequate, stating, " you're not that good." He acted in a hostile manner towards Plaintiff consistently for three months before terminating him. K.P. frequently accused Plaintiff of not working a full day if he could not see any activity by the Plaintiff through the remote monitoring system. K.P.'s actions were hostile and pervasive and prevented Plaintiff from performing his duties

15. Plaintiff filed a Charge of Discrimination with the E.E.O.C. on October 5, 2020. In the 300 days before this, Plaintiff applied for six positions. Defendant did not interview him for any of them. Defendant stated that it would hire minorities and women in Assistant Vice President and Vice President roles Defendant did so to the detriment of white males. Additionally, a Senior Vice President (black female), whom Defendant transferred several times due to lack of performance, rather than terminating her. There were female Senior Vice Presidents who stated in meetings their intent to hire more females, thereby depriving males of an equal opportunity to be considered.

## **COUNT ONE. RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY.**

Plaintiff relies on the preceding paragraphs. K.P. retaliated against Plaintiff by continuous harassment and ultimately termination for Plaintiff's action to ensure that they work from home and avoid being infected with COVID-19.

## **COUNT TWO. DISCRIMINATION IN PROMOTION BASED ON RACE AND GENDER**

Based on the previous discussion, Defendant favored hiring minority females over white males.

## DAMAGES

16. Plaintiff incorporates each of the preceding paragraphs. After Defendant terminated Plaintiff, he has suffered economic damages above the Court's jurisdictional threshold.

## ATTORNEY'S FEES

17. To redress Plaintiff's injuries based on Defendant's and Defendant's agent's actions, Plaintiff has retained the undersigned counsel to represent him in this action.

## JURY DEMAND

18. Plaintiff demands a trial by jury, and the necessary fees have been tendered.

## REQUESTS FOR DISCLOSURE

19. Under rule 26 of Federal Civil Procedure, Plaintiff requests that Defendant disclose, within 14 days of service of this request, the information or material described in the above-referenced rule.

## CONCLUSION

20. WHEREFORE, premises considered, Plaintiff respectfully requests that Defendant be cited to appear and answer and that upon the final trial of this matter, that all relief sought to be granted to Plaintiff, and any other such further relief to which Plaintiff is justly entitled.

Respectfully submitted,

/s/ Andrew A Dunlap

Andrew A. Dunlap (lead counsel)
TBN 06231700
6565 N. McArthur Boulevard
Suite 140
Irving, Texas 75039-2478
972-807-6357

214-614-5160 telecopy
andrew@dunlapattorneys.com


**ATTORNEY FOR THE PLAINTIFF**